UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22 MJ 6271 PLC ) |
| TERRELL DONTA MCDANIEL, | ) ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Grounds for Detention

1.  The defendant is charged with an offense for which the maximum sentence is life imprisonment or death. *See* 18 U.S.C. § 3142(f)(1)(B).

### Presumption of Detention

2.  The defendant is charged with an offense under Title 18, United States Code, Section 924(c). *See* 18 U.S.C. 3142(e)(3)(B).

1

3. The charge triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Sections 3142(e)(3)(A). There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

4. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or involves a controlled substance or a firearm. The defendant is charged with use of a firearm in furtherance of a drug trafficking crime that involved the murder of another person, therefore, the first of the § 3142(g) factors weighs heavily in favor of detention. The crime is a violent crime, and involved controlled substances and a firearm.

### The Weight of the Evidence Against the Defendant

5. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

6. Much of the evidence against the defendant is outlined in detail in the sworn Complaint Affidavit which is incorporated herein by reference. Multiple witnesses have said that the defendant killed Andre Nash over a drug debt. Considerable physical evidence was collected at the scene of the murder which is a house that the defendant was living in.

### The History and Characteristics of the Defendant

7. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history

relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

8. At the time of the murder, the defendant was living in a vacant house and reportedly has a significant issue with drug use.

9. The defendant's past conduct weighs against release to ensure the safety of the community.

10. On May 10, 2002, the defendant was found guilty of harassment and assault 4th degree in King County Superior Court in Seattle, Washington.

12. On June 2, 2002, the defendant was found guilty of violating a domestic violence court order in Seattle Municipal Court, demonstrating his inability to comply with conditions imposed upon by a court order.

13. On May 9, 2001, the defendant was convicted of assault 3rd degree and endangering the welfare of a child in the City of St. Louis.

14. On November 21, 2002, the defendant was arrested for sale of a controlled substance near a school and drug trafficking 2nd degree.

15. On October 5, 2004, the defendant was found guilty of domestic assault in Renton Municipal Court in Washington state.

16. On January 24, 2005, the defendant was arrested for possession of stolen property in King County, Washington.

17. On May 12, 2005, the defendant was convicted of violation of a domestic violence court order in King County Superior Court.

18. The defendant has arrests for robbery, forcible sodomy, deviate sexual intercourse, and kidnapping in 2006 and 2007.

19. On November 2, 2006, the defendant was convicted of tampering 1st degree in the City of St. Louis and sentenced to a term of probation. The defendant's probation was revoked on November 2, 2007, and a six-year sentence was suspended. The defendant's probation was revoked again on July 18, 2008, and the six-year sentence was ordered executed.

20. On July 18, 2008, the defendant was found guilty of domestic assault 3rd degree in the City of St. Louis and sentenced to thirty days in jail.

21. The defendant was arrested for domestic assault 3rd degree on May 16, 2009.

22. On March 21, 2014, the defendant was found guilty of possession of a controlled substance and received a sentence of five years in St. Louis County, Missouri. The sentence was suspended, and the defendant was placed on probation.

23. Approximately five weeks after being sentenced in St. Louis County, the defendant was arrested for and charged with possession of a controlled substance in the City of St. Louis. On December 18, 2014, the defendant was sentenced to seven years in prison. The sentence was suspended, and the defendant was placed on probation for five years.

24. While on probation, the defendant stabbed and killed Robert Collins in the City of St. Louis on November 29, 2016. The circumstances of that offense are similar to the circumstances leading up to murder of Andre Nash in the instant case. The defendant was questioned after Collins' death and made a videotaped statement. The defendant said he got into an argument with Collins over drugs. The defendant said Collins hit him in the head with a plastic milk crate and stabbed Collins. The detective conducting the interview did not observe any injuries to the defendant. Several witnesses at the scene said that they observed "Rell" stab the victim several times in the abdomen and the back. The defendant was charged with murder 2nd degree and armed criminal action and was acquitted on March 14, 2018.

25. On September 12, 2021, the defendant was arrested in the City of St. Louis and found in possession of crack cocaine.

26. As detailed in the complaint affidavit, the defendant shot and killed Andre Nash over a drug debt. The defendant has a significant criminal history involving assault and failure to follow court-imposed conditions.

27. Furthermore, the defendant appears to have ties to Seattle, Washington, increasing the risk that the defendant will flee.

### The Nature and Seriousness of the Danger to the Community

28. The nature and seriousness of the danger to the community is great. The defendant is violent and a danger to others.

29. The safety of the community would clearly be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

30. The defendant has a history of failing to comply with conditions of release and court orders. The defendant also has convictions from Washington, indicating that he has ties outside of the community. There is no reason to believe that the defendant would appear in court as required under the circumstances.

### Conclusion

31 The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Additionally, there is a preponderance of evidence

that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

>
> Respectfully submitted,
> SAYLER A. FLEMING
> United States Attorney
>
> /s/ Jeannette S. Graviss
> JEANNETTE S. GRAVISS, #44483(MO)
> Assistant United States Attorney